IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ZOYA VAKILPOUR                                                              CV. 04-1799-PK

               Plaintiff,                                              OPINION AND ORDER

v.

CCI ENTERPRISES, INC., a domestic
nonprofit corporation, and KEN FOSHEIM,
Executive Director, CCI Enterprises, Inc.,
               Defendants.

PAPAK, Magistrate Judge:

       Plaintiff Zoya Vakilpour filed this action for racial discrimination, retaliation, wrongful discharge, and intentional infliction of emotional distress. The court has original jurisdiction over Vakilpour's federal claims pursuant to 28 U.S.C. § 1331. The court has supplemental jurisdiction over Vakilpour's state law claims pursuant to 28 U.S.C. § 1367.

       Defendants CCI Enterprises, Inc. (CCI), and Ken Fosheim have moved for partial summary judgment on Vakilpour's claim for intentional infliction of emotional distress. Defendants argue that the alleged acts do not rise to the type of outrageous conduct that would

support a claim for intentional infliction of emotional distress and that there is no evidence that either CCI or Fosheim intended to cause Vakilpour severe emotional distress. For the reasons that follow, Defendants' Partial Motion for Summary Judgment (No. 31) is granted.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure allows the granting of summary judgment:

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).

A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Only after the moving party has made such a showing does the burden shift to the opposing party to show that a genuine issue of fact remains. See Fed. R. Civ. P. 56(e).

To establish the existence of a genuine issue of material fact, the non-moving party must make an adequate showing as to each element of the claim on which the non-moving party will bear the burden of proof at trial. See Celotex Corp., 477 U.S. at 322-23; see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Harper, 877 F.2d at 731. The opposing party may not rest on conclusory allegations or mere assertions, see Taylor, 880 F.2d at 1045; Leer v. Murphy, 844 F.2d 628, 631 (9th Cir. 1988), but must come forward with significant probative evidence, see

Page 2 - OPINION AND ORDER

Anderson, 477 U.S. at 249-50; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

When considering a motion for summary judgment, the district court's role is not to weigh the evidence, but merely to determine whether there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Freeman v. Arpaio, 125 F.3d 732, 735 (9th Cir. 1997).

FACTUAL BACKGROUND

Because this is a Motion for Summary Judgment, the court must view the facts in the light most favorable to the non-moving party and draw all inferences in the non-moving party's favor. Reeves v. Sanderson Plumbing, 530 U.S. 133, 150 (2000).

Vakilpour is of Persian national origin. She was employed by CCI from April 2001 though May 2004. Ken Fosheim is the executive director of CCI.

Throughout Vakilpour's employment at CCI, several of her co-workers made comments that could be construed as negative racial remarks. Vakilpour reported these comments to her supervisor, Bob Stuva. Fosheim was also aware that the comments were being made. He was physically present when one of the comments was made, and Vakilpour claims that she told him on at least three other occasions that she was having trouble with her co-workers.

In early May, 2004, Vakilpour discovered that someone had soaked her desk chair with a liquid. Vakilpour was told by someone at CCI that the liquid was a chemical. While Vakilpour does not know who placed the chemical on her chair, she believed that the incident was racially motivated and reported the incident to Stuva. Shortly thereafter, Fosheim asked Vakilpour to come to his office. After Vakilpour explained what had happened to her chair and said that she was afraid for her safety, Fosheim told Vakilpour that no one had put a gun to her head or

physically assaulted her. He offered to pay for her dry cleaning, but refused to investigate the incident. Stuva later told Vakilpour that he had been instructed by Fosheim not to do anything about the incident and to forget that it had happened.

ANALYSIS

The tort of intentional infliction of emotional distress contains the following elements:

> (1) the defendant intended to inflict severe mental or emotional distress on the plaintiff; (2) the defendant's acts were the cause of plaintiff's severe emotional distress; and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct.

McGanty v. Staudenraus, 321 Or. 532, 543, 901 P.2d 841, 849 (1995) (citation omitted). Defendants challenge Plaintiff's claim on the first and third elements.

The court first considers whether the record shows an extraordinary transgression of the bounds of socially tolerable conduct. Whether defendant's conduct rises to that level of severity is initially a question of law for the court. Harris v. Pameco Corp., 170 Or. App. 164, 171, 12 P.3d 524, 529 (2000). The inquiry is whether defendant's conduct constitutes "extraordinary conduct which a reasonable jury could find beyond the farthest reaches of socially tolerable behavior." Hall v. The May Dept. Stores, 292 Or. 131, 137, 637 P.2d 126, 130 (1981), abrogated on other grounds by McGanty, 321 Or. at 549, 901 P.2d at 852. "Conduct that is merely 'rude, boorish, tyrannical, churlish and mean' does not satisfy that standard[.]" Watte v. Edgar Maeyens, Jr., M.D., P.C., 112 Or. App. 234, 239, 828 P.2d 479, 481 (quoting Patton v. J.C. Penney Co., 301 Or. 117, 124, 719 P.2d 854, 858 (1986)).

The court must make a fact-specific inquiry and consider the totality of circumstances

Page 4 - OPINION AND ORDER

involved. Lathrope-Olson v. Oregon Dept. of Transp., 128 Or. App. 405, 408, 876 P.2d 345, 346 (1994). A court may consider the existence of special relationships between the parties in determining whether defendants' conduct is socially intolerable. Rockhill v. Pollard, 259 Or. 54, 60, 485 P.2d 28, 31 (1971); McGanty, 321 Or. at 545; 901 P.2d at 850. Here, as an employer, CCI had a greater obligation to refrain from subjecting its employee to abuse, fright or shock. Hall, 292 Or. at 138, 637 P.2d at 131.

In support of her claim against CCI, Vakilpour argues that CCI knew of the offensive conduct through her reports to Stuva and Fosheim but failed to remedy the situation. CCI argues that it cannot be directly liable for intentional infliction of emotional distress because failure to remedy a hostile work environment is not sufficiently outrageous.

In Lewis v. Oregon Beauty Supply Co., 302 Or. 616, 733 P.2d 430 (1987), an employee was sexually harassed by a coworker, who was also the son of the principal owner, and the principal owner of the employer corporation failed to remedy the harassment. The court concluded that the principal's failure to respond to the plaintiff employee's complaint was insufficient to constitute intentional infliction of emotional distress: "[The principal owner's] actions in this case, which involved tolerance of his son's misconduct, do not rise to the level of the cold-blooded oppressive browbeating of Hall, nor were the acts here as socially intolerable as those of the other cited cases." 302 Or. at 627, 733 P.2d at 437. The court went on to state that while the principal owner failed to respond to the problem, "we do not think that this is the type of behavior against which the tort was meant to protect." 302 Or. at 627-28, 733 P.2d at 437.

In Wheeler v. Marathon Printing, Inc., 157 Or. App. 290, 974 P.2d 207 (1998), an

Page 5 - OPINION AND ORDER

employee was verbally harassed by a co-worker. As a result of the harassment, the plaintiff's mental health deteriorated to the point where he attempted suicide, sought counseling, and began taking medication for major depression. The employer was aware of the harassment and plaintiff's mental health problems, including the attempted suicide, but did nothing to remedy the problem. Nonetheless, the court held that the employer could not be held liable for intentional infliction of emotional distress merely on the grounds that it allowed the harassment to continue. Id. at 308, 974 P.2d at 217.

Based on the precedent established by Lewis and Wheeler, the court agrees with CCI that Vakilpour's evidence against CCI is insufficient to support a claim for Intentional Infliction of Emotional Distress under Oregon law.

Vakilpour's claim against Fosheim also fails. Vakilpour points to no evidence of racially charged or threatening comments by Fosheim. Vakilpour points only to Fosheim's comments to Vakilpour after she told him about the chemical on her chair, and argues that Fosheim intentionally ignored, refused to remedy, and downplayed her legitimate concerns. This conduct does not rise to the level necessary to support a claim of intentional infliction of emotional distress.

Because the court finds that Vakilpour is unable to establish that the conduct of CCI or Fosheim constituted an extraordinary transgression of the bounds of socially tolerable conduct, the court need not consider whether Vakilpour has established a factual dispute as to the other elements of intentional infliction of emotional distress.

CONCLUSION

For the foregoing reasons, Defendants' Partial Motion for Summary Judgment (No. 31) is granted.

Dated this 19th day of January, 2006.

          /s/ Paul Papak
Honorable Paul Papak
U.S. Magistrate Judge